**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Ira Duncan, III, Appellant.

Appellate Case No. 2019-001919

———————

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-049
Submitted January 1, 2023 – Filed February 8, 2023

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton for Respondent.

———————

**PER CURIAM:** John Ira Duncan, III, appeals his conviction for murder and sentence of thirty-seven years' imprisonment. On appeal, he argues the trial court erred by (1) admitting a video of a witness's police interviews as extrinsic evidence

of three prior inconsistent statements, (2) allowing the State to publish the video to the jury with subtitles based on a transcript prepared by the State, and (3) instructing the jury that the implication of malice may arise if one intentionally kills another with a deadly weapon when Duncan presented evidence he acted in self-defense.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Duncan's argument regarding whether the State laid a proper foundation for the admission of the video as extrinsic evidence is not preserved for appellate review because at trial, Duncan acquiesced that the State met the requirements of Rule 613, SCRE.  *See State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (finding a defendant cannot concede an issue at trial then raise it on appeal).  We also hold Duncan's argument that the trial court erred in admitting one of the prior inconsistent statements because the witness did not deny or not recall saying it is not preserved for appellate review because he did not raise this argument to the trial court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("A party may not argue one ground at trial and an alternate ground on appeal.").

2.  We hold the trial court did not err in allowing the jury to view the video of the police interviews with subtitles.  *See United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984) ("Whether to allow the use of transcripts to aid in the presentation of tape recorded evidence is within the [trial] court's sound discretion."); *State v. Winkler*, 388 S.C. 574, 585, 698 S.E.2d 596, 602 (2010) (holding the trial court did not abuse its discretion by allowing the jury to review a 911 call transcript while the 911 recording was played in the courtroom); *Collazo*, 732 F.2d at 1203 (finding the trial court's instruction "cured any prejudice that might have resulted from discrepancies between tape and transcript"); *id.* at 1204 (stating the lack of challenges made by the defendant to specific discrepancies between the transcript and the audio "suggests either that the transcripts were substantially accurate or that defendants waived specific opportunities to challenge the transcripts' veracity").

3.  We hold Duncan's argument regarding the trial court's jury instruction on implied malice is not preserved for appellate review because although Duncan objected to the charge during the charge conference, the trial court did not rule on the objection.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.